PICKETT, Judge.
On June 7, 1973, a judgment of possession was rendered placing Dorothy Mae Currie and Abe Samuel Currie in possession of decedent’s succession, according to the laws governing intestate successions.
On the following day, appellant Alme-aner E. Currie filed a pleading styled “Motion for New Trial and for Probate of Will,” alleging that decedent had executed a purported nuncupative will by private act, under which different dispositions were made. The document was dated September 14, 1972.
After a contradictory hearing on the merits, the trial judge held that the proponent of the will had not borne the burden of proving the authenticity of the testament and its compliance with all of the formal requirements of LSA-C.C.P. Art. 2903, which provides:
“At the contradictory trial to probate a testament, its proponent bears the burden of proving the authenticity of the testament, and its compliance with all of the formal requirements of law.”
The crux of the lawsuit is the fact that Jim Currie affixed his mark to the purported will rather than signing it as required by LSA-C.C. Art. 1582:
“In either case, the testament must be read by the testator to the witnesses, or by one of the witnesses to the rest, in presence of the testator; it must be signed by the testator, if he knows how or is able to sign, and by witnesses or at least by two of them, in case the others know not how to sign, and those of the witnesses who do not know how to sign, must affix their mark.
This testament is subject to no other formality than those prescribed by this and the preceding article.” (Emphasis added)
The trial court found as fact that Jim Currie knew how to sign. This finding is not disputed. The court found further that he often made a mark for his signature, especially in the latter part of his life, but that there was no evidence to show that this was due to any particular mental or physical disability, especially at the time of the confection of the will. After a careful examination of the evidence, we concur in the findings of fact by the trial court. None of the witnesses who were present at the confection of the will on September 14, 1972, and who testified at the trial offered any definite evidence as to why Jim Currie affixed his mark to the will rather than sign his name.
The trial court interpreted LSA-C.C.P. Art. 2903 and LSA-C.C. Art. 1582, supra, to mean that where the testator does not sign the proponent of the will must affirmatively prove that he did not know how to sign, or that he was disabled from doing so. We agree with this interpretation.
Appellant also urges that the judgment of possession should be set aside because the petition and other documents on which it was based did not allege that the decedent died intestate. While as a matter of pleading this allegation might properly have been included, appellant has not shown a contrary factual situation or that *744 she was prejudiced thereby and we will not set the judgment aside for that omission.
For the above and foregoing reasons, the judgment of the trial court is affirmed, at appellant’s costs.
Affirmed.